UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sean Cronin,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Sanuwave Health, Inc.,<br><br>　　　　　　Defendant. | Case No. 23-cv-1295 (SRN/ECW)<br><br>**ORDER** |

　　　　This matter comes before the Court on Plaintiff's Letter to Magistrate Judge Requesting Clarification (Dkt. 101).  Cronin seeks clarification of the Court's oral Order made at the conclusion of a June 13, 2024 hearing and memorialized at Docket 96.  (*See id.*)

　　　　As background, on June 13, 2024, the Court held a hearing on three Motions: Defendant's Motion for Discovery Sanctions (Dkt. 58); Plaintiff's Motion to Compel, Extend Discovery Deadlines, and for Sanctions (Dkt. 64); and Plaintiff's Motion for International Judicial Assistance (Letters Rogatory) and Motion for Extension of Discovery (Dkt. 65).  At the hearing, the Court confirmed three times with Sanuwave's counsel that Sanuwave was prepared to produce a data set of W-2 and 1099 sales for February, March, and April 2023 that would be marked as AEO under the Protective Order with sales representative names redacted and that Plaintiff could view the documents with counsel present in the room or virtually with counsel.  The Court issued an oral Order regarding the relief sought with respect to the documents at issue, that is,

the request for an order compelling production of full, unredacted non-AEO designated documents regarding sales from November 2022 through April 2023. The Court denied part of the Motion to Compel as moot in view of Sanuwave's representation that it would produce a data set of W-2 and 1099 sales for February, March, and April 2023 that would be marked as AEO under the Protective Order with sales names redacted. As to the dispute over confidentiality designations, the Court ordered that Sanuwave's production of the W-2 and 1099 sales for February, March, and April 2023 have the sales representative names redacted and the documents designated AEO, where Plaintiff and his counsel could review the redacted AEO copies together, either in person or by screen sharing, but that Plaintiff could not keep any copies of the documents. The Court otherwise denied Plaintiff's requests for relief as to documents.

> The Minute Entry reflects this oral Order as follows, memorializing that the Court:
>
> 2 GRANTED IN PART AND DENIED IN PART Plaintiffs Motion to Compel, Extend Discovery Deadlines; and for Sanctions (Dkt. 64) insofar as the Court granted the Motion as set forth in #3 and #4 below and otherwise denied the Motion.
>
> 3 ORDERED that Mr. Cronin may review with Mr. Kaseorg (or other counsel of record for Mr. Cronin) present at all times in person or by screen sharing the redacted AEO sales data sets to be produced by Sanuwave (as stated at the hearing), but Mr. Cronin may not keep those AEO documents or any copies of those AEO documents.
>
> 4 ORDERED that the parties must file a letter no later than Monday, June 17, 2024, stating when the production of the AEO sales data sets will be complete by Sanuwave and when Mr. Cronin[']s review with counsel will be complete, following which the Court will set a deadline for Mr. Cronin to renew his Motion as to the confidentiality and redactions on the sales data sets or the documents relating to 1099 sales; however, Mr. Cronin may not raise any new requests for relief in any such motion that were not raised

in the Motion at Docket 64 or do not arise from the anticipated Sanuwave production.

5 DENIED in its entirety Plaintiff[']s Motion for Letters Rogatory/Letters of Request and Plaintiff[']s Motion for Extension of Discovery (Dkt. 65).

(Dkt. 96.)

By his letter, "Plaintiff requests clarification on whether Mr. Cronin is permitted by the Order to review the previously-produced AEO documents for November of 2022 through January of 2023 during the same in-person or screen-share meeting in order to identify potential misaligned sales for November through January." (*Id.*) As for Defendant, its "position is that the its [sic] obligation to produce additional documents extended only to sales reports for February, March, and April of 2023; that Mr. Cronin may review those documents, in the presence of counsel, by July 5, 2023; that Mr. Cronin may bring a motion to compel as to those documents by July 12, 2023." (*Id.*) Further, Defendant's "position is that Mr. Cronin's motion to compel additional documents with respect to sales reports for October, November[,] December of 2022 and January of 2023 has already been denied," but "Sanuwave does not object to Mr. Cronin reviewing its AEO documents with counsel (as described by the court's order) for purposes of trial preparation." (*Id.*)

The Court understands Plaintiff to be seeking clarification of whether he may "review the previously-produced AEO documents for November of 2022 through January of 2023 during the same in-person or screen-share meeting in order to identify potential misaligned sales for November through January," where Sanuwave is taking the position that because it did not produce November 2022 to January 2023 documents as a result of

3

the Motion to Compel, Plaintiff is not permitted to review those documents under the same conditions that Plaintiff can review the February to April 2023 documents. (Dkt. 101.) Sanuwave also correctly asserts that the Court denied Plaintiff's motion insofar as it sought the production of other sales-related documents. The oral Order regarding Mr. Cronin's viewing did not encompass data sets from November 2022 to January 2023, and this limitation was not objected to or raised as a concern by Plaintiff's counsel at the June 13 hearing. That said, it is unclear to the Court why Sanuwave would treat the November 2022 to January 2023 data sets differently from the February to April 2023 data sets for purposes of Mr. Cronin's review with counsel. The Court strongly encourages the parties to reach agreement regarding Mr. Cronin's ability to review the previously produced November 2022 to January 2023 data sets with counsel. But if they cannot, Mr. Cronin may seek relief in this regard by motion on July 12, 2024, and Sanuwave may respond no later than July 19, 2024. Mr. Cronin may not raise any new requests for relief in that motion not specifically permitted by this Order. The Court will decide any such motion based on the papers unless it finds that oral argument would be helpful.

    **SO ORDERED.**

Date:   July 1, 2024                  *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge